OPINION OF THE COURT
Stanley L. Sklar, J.
Defendant Columbia Presbyterian Medical Center (the hospital) seeks leave pursuant to CPLR 3025 to serve a verified amended answer asserting a counterclaim for indemnification and/or contribution against plaintiff, Ralph Speken, and an ex *41 amination before trial of Ralph Speken with respect to issues raised in the proposed counterclaim.*
On August 21, 1993 the decedent, Seth Speken, was admitted to the hospital as a psychiatric patient following a seizure episode. The emergency services triage report reflects that Seth Speken suffered from Crohn’s disease, panic attacks and depression. In addition, the report states that he "was recently placed on Elavil by outside Psychiatrist,” and that his "father [was] treating [the patient]” and had given his son one dose of bethanachol. During his stay at the hospital the patient was or became delusional and delirious. He was placed in wrist and ankle restraints.
According to the report of an autopsy performed on August 28, 1993 Seth Speken died on August 27, 1993 of "pulmonary thromboembolus due to immobilization due to his psychiatric disorder.” On October 11, 1994 plaintiffs Ralph and Stephanie Speken, individually and as co-administrators of the decedent’s estate, commenced this action against defendants. The complaint seeks relief upon two causes of action brought by plaintiffs. The first is brought by Ralph Speken, a psychiatrist, and his wife as co-administrators of the estate of their deceased son for the decedent’s conscious pain and suffering (see, EPTL 11-3.2), and the second is for wrongful death. Plaintiffs’ counsel was apparently under the belief that the wrongful death claim could be brought by the parents individually. This belief is erroneous. The action for wrongful death must be brought by the estate’s representative on behalf of the decedent’s distributees and is limited to damages for pecuniary injury. (See, EPTL 5-4.1.) Accordingly, for the purposes of this motion I will deem the wrongful death cause of action as one commenced by the plaintiffs in their representative capacities.
Defendants contend that prior to entering the hospital Seth Speken had become dependent on benzodiazepines as a consequence of Dr. Speken’s alleged medical malpractice. The papers submitted on this motion show that for a period of 17 months prior to Seth Speken’s admission to the hospital, Dr. Speken regularly prescribed for his son various medications including benzodiazepines. The hospital also contends that Dr. Speken kept no treatment records for his son and provided valium to *42 him without a prescription. In addition, the hospital alleges that Dr. Speken withheld information from physicians when Seth was admitted to the hospital that "effectively handcuffed their ability to treat the decedent and prevent withdrawal symptoms which, when manifested, required the use of restraints.” According to the hospital the use of restraints would not have been necessary but for Dr. Speken’s acts. Thus, the hospital now seeks to assert a counterclaim for indemnification and/or contribution based upon Dr. Speken’s alleged malpractice.
CPLR 3019 (a) provides: "A counterclaim may be any cause of action in favor of one or more defendants or a person whom a defendant represents against one or more plaintiffs, a person whom a plaintiff represents or a plaintiff and other persons alleged to be liable.” This statute was " 'not intended to alter the well-settled rule requiring a counterclaim to be a claim against the plaintiff in the capacity in which he sues.’ ” (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:3, at 208, citing First Report, 1957 Legis Doc No. 6 [b], at 71.) The purpose of the rule is to "preclude an unwarranted mixture of a person’s individual and representative liabilities and assets through the confusing use of counterclaims in litigation.” (Siegel, op. cit., at 208.) Thus, if a plaintiff sues as an administrator "of an estate to collect a debt due from decedent before death” the defendant cannot counterclaim plaintiff for something having no relationship to the estate. (Ibid.)
In the instant case the hospital is not seeking to sue Ralph Speken for something having no relationship to the claims by the estate in the instant action, and thus in an analogous situation at least one commentator has suggested that a counterclaim would be permissible. Specifically, David Siegel (id., at 208-209) maintains that: "[w]here, for example, P sues in behalf of his child for the latter’s personal injuries, and thus stands as a representative in the suit, D may counterclaim P for indemnification based on whatever portion of fault P may have contributed to the injuring occurrence. There P is being counterclaimed as an individual even though he has brought suit as a representative, but if a counterclaim were not allowed in that instance D would just 'implead’ P under CPLR 1007, with the net result that D has been required to bring P into an action in which P has been present all the while, an absurdity not mandated by the same-capacity rule.” Such rationale applies equally to the facts of this case. Accordingly, *43 service of an amended answer to assert the proposed counterclaim against Ralph Speken in his individual capacity is granted. The amended answer shall be served within 20 days of service of a copy of this order with notice of entry.
The branch of the motion which seeks a further deposition of Ralph Speken with respect to the issues raised by the proposed counterclaim is granted.

 The branch of the motion which sought a further examination before trial of Ralph Speken with respect to issues unrelated to the proposed counterclaim, to Ralph Speken’s psychiatric treatment of the decedent and to his prescription of drugs for the decedent was resolved by me at oral argument.